IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOVE ALTONIO BROOKS | : | |
| Plaintiff | : | |
| VS. | : | 3:CV-04-2680 |
| | : | (JUDGE VANASKIE) |
| JOSEPH V. SMITH, TROY LEVI, | : | |
| R. HOEKMAN, K. GABRIELSON, | : | |
| M. RIOS, J. RODGERS | : | |
| Defendants | : | |

## ORDER

**December 20, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On July 18, 2007, this Court conducted a nonjury trial regarding Plaintiff Love Altonio

Brooks' claims that officers and employees at the United States Penitentiary at Lewisburg

("USP-Lewisburg") retaliated against him for exercising First Amendment rights.  Mr. Brooks

asserted several claims, but only two survived for trial: (1) Defendant Jeffrey Rodgers ("Officer

Rodgers") allegedly placed a cardboard sign in Mr. Brooks' prison cell window labeling him a

"snitch" in retaliation for previously filing an administrative grievance against Officer Rodgers;

and (2) Defendants Troy Levi ("A.W. Levi") and Kenneth Gabrielson ("Lt. Gabrielson") allegedly

placed Mr. Brooks in the USP-Lewisburg Special Housing Unit in retaliation for filing a federal

civil rights lawsuit and administrative grievances against USP-Lewisburg staff.

On November 6, 2007, this Court issued a Memorandum and Order setting forth its

findings of fact and conclusions of law.  (Dkt. Entry 84.)  The Court found that Mr. Brooks failed

to prove his retaliation claim against Officer Rodgers.  The Court concluded, however, that Mr.

Brooks had proven his retaliation claim against A.W. Levi and Lt. Gabrielson.  The Court

awarded Mr. Brooks nominal damages of $1, but denied his request for compensatory and

punitive damages.  Judgment was entered November 6, 2007.  (Dkt. Entry 85.)

Before the Court is Mr. Brooks' "Coram Nobis Petition under rule 1651 of the F.R.C.P."

(Dkt. Entry 92.)  In his petition, docketed in this Court on December 4, 2007,  Mr. Brooks

complains that he was deprived due process at trial because he was without his personal legal

documents annotated for use at trial, the unavailability of which he contends was caused by

prison officials' failure to forward those documents in conjunction with his transfer to this district

for trial.  As a result, Mr. Brooks contends that he was ill-prepared for trial and unable to recall

three incidents that he claims support an award of both compensatory and punitive damages.

Mr. Brooks urges this Court to reconsider its ruling and award compensatory and punitive

damages.

The Court will construe Mr. Books' "Coram Nobis Petition" as a Motion for

Reconsideration under Local Rule of Court 7.10, and a Motion to Alter or Amend the Judgment

pursuant to Fed. R. Civ. P. 59(e).  Local Rule of Court 7.10, in part, provides that "[a]ny motion

for reconsideration . . . shall be filed within ten (10) days after the entry of the judgment . . .

concerned."  M.D. Pa. R. 7.10.  Rule 59(e) contains a similar limitation: "A motion to alter or

amend a judgment must be filed no later that 10 days after the entry of the judgment." Fed. R.

Civ. P. 59(e).  Furthermore, the ten-day period to file a motion under Rule 59(e) may not be

extended.  See Fed. R. Civ. P. 6(b)(2).

Here, the judgment at issue was entered November 6, 2007.  Motions for

reconsideration and to alter or amend the judgment were due no later than November 20, 2007.

See Fed. R. Civ. P. 6(a)(2).  Mr. Brooks' motion, however, is dated and postmarked November

28, 2007, and was docketed in this Court December 4, 2007, both of which fall outside the ten-

day window.  Therefore, Mr. Brooks' motion will be denied as untimely.  See Mash v. Twp. of

Haverford Dep't of Codes Enforcement, Civ. A. No. 06-4479, 2007 WL 2692333, at *2 (E.D. Pa.

Sept. 11, 2007) (motion for reconsideration that is untimely may be denied on that basis

alone).[1]

---

[1]The Court recognizes that where, as here, a motion is filed outside the ten-day window of Local Rule of Court 7.10 or Rule 59(e), the Court may treat the motion as one filed under Fed. R. Civ. P. 60(b), provided the motion can be read to state grounds cognizable under Rule 60(b).  See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002); Mash, 2007 WL 2692333, at *4-5.  Such treatment, however, will not rescue Mr. Brooks' petition.  Under Rule 60(b), a court may relieve a party from a final judgment for one of six reasons, only two of which are potentially implicated by Mr. Brooks' motion: "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(2), (6).  Here, Mr. Brooks relates three incidents that he contends support an award of compensatory and punitive damages.  Since Mr. Brooks personally experienced each incident, he was clearly aware of them at the time of trial.  That he was unable to recall the incidents does not make them "newly discovered evidence."  Therefore, Rule 60(b)(2) is inapplicable.

Rule 60(b)(6) is also inapplicable.  That provision permits "extraordinary relief" only upon

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Plaintiff's "Coram Nobis Petition

under rule 1651 of the F.R.C.P." (Dkt. Entry 92) is **DENIED.**

> **s/ Thomas I. Vanaskie**
> Thomas I. Vanaskie
> United States District Judge

---

a "showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (internal quotation marks omitted).  Moreover, the moving party must demonstrate that, "without such relief, an extreme and unexpected hardship would occur." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993).  The alleged failure of the prison officials to forward to Mr. Brooks his personal legal documents does not constitute an exceptional circumstance justifying relief.  In this regard, the incidents he refers to would not have altered this Court's conclusion with respect to compensatory and punitive damages. Therefore, even if the Court treated Mr. Brooks' petition as a motion for relief from a judgment, it would still be denied.